**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4296**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ALTHEA MACK, a/k/a Tee, a/k/a Althea Williams,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Terry L. Wooten, Chief District Judge. (3:14-cr-00299-TLW-5)

Submitted: November 30, 2015      Decided: December 3, 2015

Before MOTZ, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Howard W. Anderson III, LAW OFFICE OF HOWARD W. ANDERSON III, LLC, Pendleton, South Carolina, for Appellant. Winston David Holliday, Jr., Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Althea Mack appeals the sentence imposed by the district court after she pled guilty to conspiracy to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(C), 846 (2012). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he has found no meritorious grounds for appeal but raising potential issues regarding the district court's denial of Mack's request to participate in the BRIDGE program and the reasonableness of her sentence. Mack was also advised of her right to file a pro se supplemental brief, but has not filed a brief.

We review a sentence for procedural and substantive reasonableness, applying "an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). If we find no procedural error, we examine the substantive reasonableness of a sentence under "the totality of the circumstances." Id. We presume on appeal that a within-Guidelines sentence is substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). The defendant can rebut that presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

2

We conclude that the district court did not err in denying Mack's request to participate in the BRIDGE program because she was not the sort of drug user the program was designed to assist. We also conclude that the 24-month sentence imposed by the district court is reasonable. See <u>Gall</u>, 552 U.S. at 51.

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious grounds for appeal and have found none. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Mack, in writing, of her right to petition the Supreme Court of the United States for further review. If Mack requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on his client. We deny counsel's current motion to withdraw at this juncture, and deny as moot Mack's motion for an expedited decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>